1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KURT ABRON,

11            Petitioner,                    No. CIV S-08-1468 KJM

12        vs.

13   D.K. SISTO,

14            Respondent.              ORDER

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis

18   pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing

19   required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

20   28 U.S.C. § 1915(a).

21            The exhaustion of state court remedies is a prerequisite to the granting of a

22   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

23   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,

24   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

25   _____

26        [1] A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).

1

1 providing the highest state court with a full and fair opportunity to consider all claims before

2 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.

3 Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

4        After reviewing the petition for habeas corpus, it appears that petitioner has failed

5 to exhaust state court remedies, for he has not checked the boxes or otherwise indicated on the

6 form that he has sought state habeas relief for the parole denial he challenges in the instant

7 petition.  Further, there is no allegation that state court remedies are no longer available to

8 petitioner.

9        Petitioner has requested the appointment of counsel.   There currently exists no

10 absolute right to appointment of counsel in habeas proceedings.  See Nevius v. Sumner, 105 F.3d

11 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes the appointment of counsel at

12 any stage of the case "if the interests of justice so require."  See Rule 8(c), Fed. R. Governing

13 § 2254 Cases.  In the present case, the court does not find that the interests of justice would be

14        Good cause appearing, IT IS HEREBY ORDERED that:

15        1.  Petitioner is granted leave to proceed in forma pauperis;

16        2.  Petitioner's request for the appointment of counsel (docket no. 4) is denied;

17 and

18        3.  Within twenty days of the date of this order, petitioner shall show cause why

19 this action should not be dismissed for failure to exhaust state remedies.

20 DATED:  July 23, 2008.

21

22 _____

U.S. MAGISTRATE JUDGE

23

24

25

26 2/abro1468.103

2