IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KURT ABRON,

    Petitioner,                     No. CIV S-08-1468 KJM

    vs.

D.K. SISTO,                           ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2007 denial of parole. Respondent has filed a motion to dismiss, arguing that petitioner has failed to exhaust state remedies. In response, petitioner has asked the court to stay the proceedings to allow him to pursue state remedies. He alleges he has begun the exhaustion process by filing a proper habeas petition in San Francisco Superior Court in January 2009.

I. Procedural Background

        Petitioner filed a petition for a writ of habeas corpus in San Francisco County Superior Court in September 2007. Motion to Dismiss (MTD), Ex. A. On January 4, 2008, the Superior Court denied the petition "[b]ecause petitioner did not include copies of the [parole] hearing transcript. . . ." Id., Ex. B. It cited People v. Duvall, 9 Cal.4th 464, 474 (1995).

1         Petitioner then turned to the state Court of Appeal for the First Appellate District,

2 Id., Ex. C. That court denied the writ because "[p]etitioner does not allege he first sought relief

3 in San Francisco Superior Court prior to seeking relief in this court. (Cal. Rules of Court, rule

4 8.380(d)(2).)" Id., Ex. D.

5         Finally, petitioner filed a habeas petition in the California Supreme Court, which

6 denied the petition in a single-line "postcard" denial. Id., Exs. E & F.

7 II. Analysis

8         The exhaustion of state court remedies is a prerequisite to the granting of a

9 petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion

10 requirement by providing the highest state court with a full and fair opportunity to consider all

11 claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971);

12 Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). If a claim "has been presented for the

13 first and only time in a procedural context in which its merits will not be considered unless there

14 are special and important reasons therefor," it has not been fairly presented and thus not

15 exhausted. Castille v. Peoples, 489 U.S. 346, 351 (1989) (internal citation, quotation omitted).

16         In Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991), the Supreme Court said "where

17 ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will

18 presume that a later decision rejecting the claim did not silently disregard that bar and consider

19 the merits." Accordingly, this court considers the Court of Appeal's decision in determining

20 whether petitioner presented his claims in a procedural context that precluded consideration on

21 the merits.

22 /////

23 /////

24 /////

25 /////

26 /////

In 2007, Rule 8.380(d)(2) of the California Rules of Court provided, in pertinent part:

> A Court of Appeal must deny without prejudice a petition for writ of habeas corpus that challenges the denial of parole ... if the issue was not first adjudicated by the trial court that rendered the underlying judgment.

Cal. Rules of Court, Rule 8.380(d)(2) (West's Historical Note).  In this case, the cover of petitioner's Court of Appeal filing denominated the action as an appeal from a judgment of the San Francisco County Superior Court, but in the body of the action, petitioner answered in the negative when the habeas form asked for information about "other petitions, applications, or motions. . . ."  MTD, Ex. C (answer to question 12).  The Court of Appeal relied on this representation in issuing its denial.  Thereafter, petitioner could have refiled in that court, alerting it to the Superior Court's earlier denial, but he chose instead to proceed in an inadequate procedural posture to the California Supreme Court.  He thus has not exhausted his state remedies.

Petitioner asks, however, that this court stay the action to permit him to complete the exhaustion process begun now in January 2009.  In Rhines v. Weber, 544 U.S. 269, 277 (2005), the Supreme Court held that a district court may stay a mixed petition, containing both exhausted and unexhausted claims, pending exhaustion of state remedies.  Rhines does not permit a court to stay a completely unexhausted petition.  Accordingly, the instant petition should be dismissed without prejudice.

IT IS HEREBY ORDERED that the Clerk of the Court assign this case to a district judge.[1]

/////

/////

---

[1] Although petitioner has returned his consent form, respondent has not.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's request for a stay (docket no. 16) be denied; and

2. Respondent's motion to dismiss (docket no. 14) be granted and the petition be dismissed without prejudice for failure to exhaust state remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 31, 2009.

_____
U.S. MAGISTRATE JUDGE

2/abro1468.157